# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| DARRYL L. COOK, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:24-cv-01500-SGC |
| LIBERTY MUTUAL INSURANCE COMPANY, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION[1]

This case arises out of Liberty Mutual Insurance Company's purported mishandling of Darryl L. Cook's workers' compensation claim. Cook, proceeding *pro se*, commenced the action against Liberty Mutual in the Circuit Court of Jefferson County, Alabama. (Doc. 1-1). Liberty Mutual then removed the case to this district court based on diversity jurisdiction. (Doc. 1).

The case is before the court on four motions: (1) Liberty Mutual's motion to dismiss Cook's complaint under Rule 12(b)(6) of the *Federal Rules of Civil Procedure*, (2) Cook's "motion for violation of Health Insurance Portability and Accountability Act" (3) Liberty Mutual's motion seeking an extension of all outstanding deadlines, and (4) Liberty Mutual's motion requesting a status

---

[1] The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Doc. 10).

conference and a stay of all outstanding deadlines. (Docs. 5, 13, 18, 19).[2] For the reasons stated below, the court will grant Liberty Mutual's motion to dismiss, deny Cook's motion, and deny Liberty Mutual's other motions as moot.

I.     **Motion to Dismiss**

　　A.     **Allegations Contained in Complaint**

The complaint is difficult to understand. The court can make out that Cook alleges Liberty Mutual mishandled his workers' compensation claim. He asserts Liberty Mutual aided in the destruction of the vehicle involved in the accident underlying his workers' compensation claim and made false representations in relation to the claim. He appears to claim this conduct constituted both fraud and professional negligence. He complains Liberty Mutual stated in the context of settlement discussions that any settlement reached would be applied toward his child support obligations. Finally, he contends Liberty Mutual violated 18 U.S.C. §§ 287 and 1001. Based on these allegations, Cook seeks fourteen million dollars and asks the court to review his child support obligations. (*See generally* Doc. 1-1).

　　B.     **Standard of Review**

"Although *pro se* pleadings are held to a less stringent standard than pleadings filed by lawyers and thus are construed liberally, this liberal construction does not

---

[2] Citations to the record refer to the document and page numbers assigned by the court's CM/ECF electronic document system and appear in the following format: (Doc. __ at __).

give a court license to serve as *de facto* counsel for a party, or to rewrite an otherwise deficient pleading in order to sustain an action." *Giles v. Wal-Mart Distrib. Cent.*, 359 F. App'x 91, 93 (11th Cir. 2009) (internal quotation marks and citation omitted). "Even a *pro se* litigant is required to comply with the *Federal Rules of Civil Procedure* . . . ." *Id.*

Rule 12(b)(6) must be considered against the backdrop of Rules 8(a)(2) and 9(b) of the *Federal Rules of Civil Procedure*. Rule 8(a)(2) sets out the pleading standard for most claims, including, as relevant here, negligence claims. It "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the … claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the defendant-unlawfully-harmed me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (quoting *Twombly*, 550 U.S. at 555). "[L]abels and conclusions," "a formulaic recitation of the elements of a cause of action," and "naked assertion[s] devoid of further factual enhancement" are insufficient. *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557) (internal quotation marks omitted).

To survive a Rule 12(b)(6) motion to dismiss for failure to state claim subject to the Rule 8(a)(2) pleading standard, "a complaint must contain sufficient factual

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

Rule 9(b) sets out a heightened pleading standard for fraud claims. It requires a plaintiff to "state with particularity the circumstances constituting fraud . . . ." *See* FED. R. CIV. P. 9(b). To plead fraud with the particularity required by Rule 9(b), a plaintiff must allege "precisely" what misrepresentation was made or fact omitted, the time and place of the misrepresentation or omission, the person responsible for the misrepresentation or omission, how the misrepresentation or omission misled the plaintiff, and what the defendant obtained as a result of the fraud. *Brooks v. Blue Cross and Blue Shield of Florida, Inc.*, 116 F.3d 1364, 1371 (11th Cir. 1997); *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010).

### C. Discussion

#### 1. Negligence Claim & Fraud Claim

The elements of a negligence claim are (1) a duty to a foreseeable plaintiff, (2) a breach of that duty, (3) proximate causation, and (4) damage or injury. *Hilyer*

*v. Fortier*, 227 So. 3d 13, 22 (Ala. 2017). The elements of a fraud claim are (1) a false representation, (2) of a material existing fact, (3) relied on by the plaintiff, (4) who was damaged as a proximate result of the misrepresentation. *Deng v. Scroggins*, 169 So. 3d 1015, 1024 (Ala. 2014).

The court has discerned from the complaint that Cook asserts a negligence claim and a fraud claim based on contentions Liberty Mutual aided in the destruction of the vehicle involved in the accident underlying his workers' compensation claim and made false representations in relation to the claim. However, the complaint adds no meat to the bones of the contention Liberty Mutual aided in the destruction of evidence – for example, by alleging how the vehicle was destroyed or what kind of aid Liberty Mutual provided – or the contention Liberty Mutual made false representations – for example, by alleging the substance of the alleged false representations. Consequently, the complaint does not satisfy the criteria articulated in *Twombly* and *Iqbal* for pleading a negligence claim, let alone the heightened standard for pleading a fraud claim set out in Rule 9(b).

    **2.    Federal Statutory Claims**

Title 18 of the U.S. Code addresses crimes and criminal procedure. Generally speaking, § 287 criminalizes the submission of a false claim to the federal government while § 1001 criminalizes the making of a false statement to federal authorities. *See* 18 U.S.C. §§ 287, 1001. "Absent some expression of Congressional

intent to create a private right of action, a plaintiff cannot maintain a civil claim against a defendant for violation of a federal criminal statute." *Johnson v. Champions*, 990 F. Supp. 2d 1226, 1245 (S.D. Ala. 2014) (citing *Adventure Outdoors, Inc. v. Bloomberg*, 552 F.3d 1290, 1303 (11th Cir. 2008)). Congress did not express intent to create a private right of action under §§ 287 or 1001. Therefore, no such private right of action exists. *See Romain v. Webster Bank N.A.*, 2025 WL 50919, at *6 (E.D.N.Y. Jan. 8, 2025), *appeal docketed*, No. 25-316 (11th Cir. Feb. 12, 2025) (addressing § 287); *LaNier v. LaNier*, 2024 WL 4219299, at *7 (E.D.N.C. Aug. 23, 2024), *report and recommendation adopted*, 2024 WL 4217914 (E.D.N.C. Sept. 17, 2024) (same); *Lichtenberg v. Sec'y of the Navy*, 627 F. App'x 916, 917 (11th Cir. 2015) (addressing § 1001); *Tillman v. Lawrimore*, 2022 WL 678903, at *5 (11th Cir. Mar. 8, 2022) (same). Moreover, even if either statute did provide a private right of action, the false statements (of unknown content) alleged by Cook appear to have been made to him, not to the federal government or federal authorities, and therefore would not be actionable under §§ 287 or 1001.

### 3.     Request to Review Child Support Obligation

Although Cook is aggrieved regarding the intended application of any settlement reached with Liberty Mutual toward his child support obligations, neither the basis of the grievance or what kind of claim it might state is clear. The court also notes "[t]he federal judiciary has traditionally abstained from deciding cases

concerning domestic relations." *Ingram v. Hayes*, 866 F.2d 368, 370 (11th Cir. 1988).

## II.   Cook's Motion

### A.   Allegations Contained in Motion

Cook alleges in his HIPAA motion that Liberty Mutual accessed and shared his personal health information in violation of the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 (1996) ("HIPAA"). He asserts that in addition to violating HIPAA, Liberty Mutual's conduct constitutes wire fraud and warrants liability under state law and the Social Security Act. (*See generally* Doc. 13). The court construes the motion as seeking leave to amend the complaint to include these additional claims.

### B.   Standard of Review

Rule 15(a) of the *Federal Rules of Civil Procedure* permits a party to amend a pleading once as a matter of course within twenty-one days after certain triggering events and, thereafter, requires the party to obtain either the opposing party's written consent or leave of court. FED. R. CIV. P. 15(a). The rule instructs that a court "should freely give leave when justice so requires." *Id.* Nonetheless, "a motion to amend may be denied on numerous grounds . . . ." *Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla.*, 342 F.3d 1281, 1287 (11th Cir. 2003) (internal quotation marks omitted). Those grounds include "undue

7

delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment . . . ." *Spanish Broadcasting Sys. of Fla., Inc. v. Clear Channel Comms., Inc.*, 376 F.3d 1065, 1077 (11th Cir. 2004). "The futility threshold is akin to that for a motion to dismiss; thus, if the amended complaint could not survive Rule 12(b)(6) scrutiny, then the amendment is futile and leave to amend is properly denied." *Bill Salter Advert., Inc. v. City of Brewton, Alabama*, 2007 WL 2409819, at *2 (S.D. Ala. Aug. 23, 2007).

    **C.**    **Discussion**

As with the above federal criminal statutes, there is no private right of action under HIPAA or the federal wire fraud statute found at 18 U.S.C. § 1343. *See Crawford v. City of Tampa*, 397 F. App'x 621, 623 (11th Cir. 2010) (addressing HIPAA); *Laster v. CareConnect Health, Inc.*, 852 F. App'x 476, 478 (11th Cir. 2021) (same); *Am. Gen. Life & Acc. Ins. Co. v. Ward*, 509 F. Supp. 2d 1324, 1335 (N.D. Ga. 2007) (addressing federal wire fraud statute). Moreover, the assertion that Liberty Mutual should be held liable under state law and the Social Security Act for accessing and sharing Cook's personal health information is too vague for the court to address other than by saying it fails to state a claim on which relief can be granted. Because the claims Cook seeks to add to his complaint would not survive review

under Rule 12(b)(6), the court will deny the construed motion to amend on the ground of futility.

### III.  Conclusion

For the reasons stated above, the court **DENIES** Cook's construed motion to amend (Doc.13) and **GRANTS** Liberty Mutual's motion to dismiss (Doc. 5). Because this action will be dismissed, the court **DENIES** Liberty Mutual's motion seeking an extension of all outstanding deadlines (Doc. 18) and motion requesting a status conference and a stay of all outstanding deadlines (Doc. 19) as moot. A separate order will be entered.

**DONE** this 6th day of August, 2025.

_____
STACI G. CORNELIUS
U.S. MAGISTRATE JUDGE